**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROGER DEAN BANDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No:  7:11-cv-000365(JCT)** |
| **v.** | ) | |
| | ) | |
| **ADVANCE AUTO PARTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND MOTION TO STRIKE**

Comes now Plaintiff, Roger Dean Bandy, by counsel, and timely presents this Brief in

Opposition to Defendant's Motion to Dismiss and Motion to Strike.  Advance Auto Parts, Inc.

(hereinafter, "Advance Auto" or "Defendant") filed a Motion to Dismiss and Motion to Strike on

September 26, 2011.  This Court granted Mr. Bandy extensions of time in which to respond to

Advance Auto's Motions due to the need for the receipt of requisite documentation from the

Equal Employment Opportunity Commission (hereinafter "the EEOC").  After repeated requests

for the necessary documentation, the EEOC recently responded with the attached exhibit.  This

documentation has now afforded Mr. Bandy the opportunity to file this response to Advance

Auto's Motions.  In support of his Brief in Opposition to Advance Auto's Motions, Mr. Bandy

states the following:

**I.      Defendant's Motion to Dismiss**

**A.  Standard of Review**

Advance Auto's Motion to dismiss was filed pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  Rule 12(b)(6) provides that a complaint must be dismissed if it fails to state

a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id*. A motion to dismiss must be assessed in light of the liberal pleading standards of F.R.C.P 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

A Rule 12(b)(6) motion may also seek dismissal based on an applicable statute of limitations in certain circumstances. *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 615 (E.D. Va. 2011). The requirement that a charge of discrimination be timely filed with the EEOC is a requirement that is similar to a statute of limitations and, therefore, a defendant may seek dismissal pursuant to Rule 12(b)(6) where it asserts that a plaintiff has failed to file a charge in a timely manner. *Id*. (internal citation omitted).

Regarding its Motion to Dismiss, Advance Auto contends that Mr. Bandy's claims should be dismissed pursuant to Rule 12(b)(6). However, as analyzed below, some of Advance Auto's defenses should be construed under Rule 12(b)(1) and not Rule (12)(6). Rule 12(b)(1) regards the defensive plea of alleging that the Court lacks subject-matter jurisdiction over a claim or claims. *See, e.g., Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 613 (E.D. Va. 2011) (*citing Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) ("Motions to dismiss for

failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.")).

### B. Scope

It is self-evident that in an action alleging violations of the ADEA, if the plaintiff has failed to exhaust administrative remedies concerning his or her claim of age discrimination, the court will lack subject matter jurisdiction over that claim. *See Jones v. Calvert Grp*., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Advance Auto contends that Mr. Bandy has failed to properly fill out the required documentation necessary to initiate an investigation of age discrimination by the EEOC. Essentially, Advance Auto argues that these administrative documents lack the necessary factual contentions in order for Mr. Bandy to now obtain judicial review of certain discriminatory matters. Advance Auto has argued in its Memorandum in Support that Mr. Bandy failed to properly flesh out the scope of his claims in his written answers to questions on the forms submitted to the EEOC. This alleged lack of scope is the reason that Mr. Bandy has allegedly failed to exhaust his administrative remedies as to certain claims in his Complaint.

This argument cannot be raised by a Motion filed pursuant to Rule 12(b)(6). Rule (12)(b)(6) regards failing to state a claim. Rule 12(b)(1) regards a lack of subject matter jurisdiction. As provided by Rule 12(b):

> How to Present Defenses. Every defense to a claim for relief in any pleading *must be asserted in the responsive pleading if one is required.* But a party may assert the following defenses by motion . . .

(emphasis added). Advance Auto did not specifically allege a defense pursuant to Rule 12(b)(1) in its Motion to Dismiss. Therefore, by a very plain reading of the Rule, it would seem that

Advance Auto has failed to present the defense of a lack of subject matter jurisdiction before the Court. Accordingly, it would not be proper for the Court to consider arguments regarding a lack of subject matter at this time. However, even if the Court could consider the merits of Advance Auto's contentions, Mr. Bandy's claims cannot be dismissed for lack of subject matter jurisdiction.

At the time of the submission of all documentation to the EEOC, Mr. Bandy was not represented by an attorney. The Complaint and the subsequent filings by Mr. Bandy in this matter were the only documentation prepared with the assistance of a licensed legal practitioner. Though he was a skilled worker at Advance Auto, Mr. Bandy has never practiced law and therefore had no knowledge of the intricacies of elaborating a claim of age discrimination. Advance Auto would have the Court believe that Mr. Bandy had a burden to articulate to the EEOC a claim of age discrimination to the same sufficiency and degree *as the claim should be written in a pleading*. This is folly. If the Court were to "strictly limit the bounds of a plaintiff's civil suit to the specific allegations made in the EEOC Charge, it would eviscerate some of the protections Title VII was designed to provide." *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 614 (E.D. Va. 2011) (analyzing the scope of an EEOC charge within the context of a Title VII claim); see also *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 112, 108 S. Ct. 1666 (1988) (Title VII and ADEA filing provisions are "virtually *in haec verba*."). "If a plaintiff's claims in [his or] her judicial complaint are reasonably related to [his or] her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in [his or] her subsequent civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (finding that the allegations in the plaintiff's complaint was

4

reasonably related to her EEOC charge and would be expected to follow from an administrative investigation).

Mr. Bandy's words as they appear in his documentation submitted to the EEOC clearly cannot be scrutinized to the same degree as the words used in a Complaint filed in this Court. "Lawyers do not typically complete the administrative charges, and so courts construe them liberally." *Stokes v. Va. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 89948 (E.D. Va. July 1, 2011) (internal quotations and citation omitted). Indeed, "[c]omplainants to the EEOC are seldom [represented by] lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 614 (E.D. Va. 2011) (internal quotations and citation omitted).

The information provided in Defendant's Exhibit A is sufficient in and of itself. In *Stokes*, the plaintiff's charge of discrimination was a mere few sentences. As provided in Stokes' charge, "On January 16, 2008, I applied for the position of Correction Officer. On February 22, 2008, I was notified that I was not selected for the Correction Officer position. . . . I believe that I was denied hire in retaliation for filing several discrimination charges in the past . . . ." *Id.* at 18. Stokes also listed the earliest date discrimination took place as January 16, 2008 and the latest date discrimination took place as February 22, 2008. *Id.* at 18-19. Stokes did not specifically mention in his EEOC an earlier date, December 4, 2007, where he was also rejected for a position. The plaintiff did include this earlier date in his complaint. The court held that,

"[d]espite the limited scope of this charge of discrimination, any claim related to the December 4, 2007 rejection is both reasonably related to the allegations in Stokes' charge of discrimination and can be expected to follow from a reasonable administrative investigation." *Id.*; *see also Edwards*, 760 F. Supp. 2d at 626 (holding that the court did not lose subject matter jurisdiction over earlier incidents mentioned in the complaint but not mentioned in the EEOC charge for failure to exhaust administrative remedies).

With the assistance of his daughter, Mr. Bandy completed the EEOC questionnaire found on the EEOC website and submitted that questionnaire along with several supporting documents, via certified mail, to the EEOC on or around February 24, 2011. These documents have been appended to this Brief and made a part hereof as **Exhibit 1**. Bandy's submission to the EEOC was quite lengthy. Title 29 C.F.R. § 1601.12(b) provides that an EEOC "charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Thus, Mr. Bandy's detailed charge was sufficient as of the date of the receipt of Mr. Bandy's EEOC Questionnaire and supporting documents.

After the questionnaire was completed and submitted, the EEOC contacted Mr. Bandy via telephone to investigate the charge. Records of this telephone conversation are included in **Exhibit 1**. Following this interview, the EEOC typed up the charge that is attached to Defendant's Motion to Dismiss as Exhibit A and advised Mr. Bandy that if he wanted the EEOC to investigate his claims, he would be required to sign and return that document. A "charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." *Id.* Such "amendments alleging additional acts

which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." *Id*.

The scope of Mr. Bandy's charge to the EEOC is much broader than Advance Auto suggests in its Motion to Dismiss. Mr. Bandy set forth detailed factual support for his charges of discrimination. Mr. Bandy's charge sets forth allegations about his demotion and subsequent injuries and also clearly sets forth references to instances of age discrimination, going so far as to name the two witnesses whose affidavits are attached to his Complaint. Mr. Bandy clearly checked the box found on the last page of **Exhibit 1** that indicated that he wished to file a charge of discrimination. It was not Mr. Bandy's intention to replace his detailed claims found in the questionnaire with the EEOC's two paragraph recapitulation found on **Exhibit A**. Rather, Mr. Bandy, an individual acting without legal counsel, was simply following the EEOC's instructions regarding verification of his charge. He should not be punished for the EEOC's failure to provide his detailed charges to his former employer.

The defense of a lack of subject matter jurisdiction is not before the Court at this time. Notwithstanding the absence of a defensive plea pursuant to Rule 12(b)(1), even if Advance Auto had advanced the defensive plea, Mr. Bandy's claims should not be dismissed as this Court has jurisdiction to review all of the claims alleged in Mr. Bandy's Complaint. The scope and breadth of the information provided to the EEOC by Mr. Bandy was overly sufficient to permit Mr. Bandy to file this action. Furthermore, Mr. Bandy certainly stated claims upon which relief can be granted and cannot be dismissed pursuant to Rule 12(b)(6).

### C. Timeliness

Defendant's argument that all claims prior to June 15, 2010, are time barred is incorrect and

without a legal basis.  A plaintiff may utilize alleged incidents of discrimination occurring more than 180 days prior to the filing of his EEOC complaint, if he can show that those prior incidents "can be related to a timely incident as a series of separate but related acts amounting to a continuing violation." *Throckmorton v. Waste Mgmt. of Carolinas*, Inc., 34 F. App'x 88, 90 (4th Cir. 2002) (*citing Beall v. Abbott Labs*, 130 F.3d 614, 620 (4th Cir. 1997)).  If "one act in a continuous history of discriminatory conduct falls within the charge filing period, then acts that are plausibly or sufficiently related to that act which fall outside the filing period may be considered for purposes of liability even though these acts cannot serve as the basis for an EEOC charge." *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 812 (E.D. Va. 2003).  The proof must establish that the unlawful practice is continuing or ongoing and that it currently affects the claimant. *Taylor v. Home Ins. Co.*, 777 F.2d 849, 856 (4th Cir. 1985).

Mr. Bandy satisfies the continuous violation analysis because Mr. Bandy alleged in his Complaint that he suffered a continuing action of his discrimination, to-wit: a demotion in January of 2010 that led to his ten-month retention in an undesirable and dangerous working environment that resulted in injuries to his person and eventually his illegal termination. *See Taylor*, 777 F.2d at 856 (jury finding that defendant employer conducted a continuing policy or practice of discrimination against older employees on account of their age from the time of the plaintiff's first demotion in 1979 until his second demotion almost two years later in 1981) (internal citation omitted).  Indeed, Mr. Bandy alleged that this demotion was an attempt to force him to resign based upon his age.[1]

---

[1] As it relates to timeliness, it should be noted that the amended charge referenced by Defendant as Exhibit A actually relates back to the date the charge was first received (February of 2011).  Plaintiff's EEOC Right to Sue letter was not issued until May of 2011.  Accordingly, despite Defendant's contentions to the contrary, Mr. Bandy's charge afforded the EEOC plenty of time within which to conduct an investigation.

At the very least, the factual allegations attacked by Advanced Auto provide context and support for Mr. Bandy's claims of discriminatory animus on the part his employer. *See Ze-Ze v. Kaiser Permanente Mid-Atlantic States Regions, Inc*., 1:10cv959(LMB/TRJ), 2011 U.S. Dist. LEXIS 8561, *15-16 (E.D. Va. Jan. 28, 2011) (striking certain parts of plaintiff's complaint but noting that the plaintiff may be able to introduce evidence of those events at trial "to explain the history of her employment at Kaiser and to demonstrate any alleged discriminatory animus on the part of the defendant."). Mr. Bandy has timely complained of the discriminatory acts as found in his Complaint.

## II.   Defendant's Motion to Strike

Advance Auto has filed a Motion to Strike pursuant to F.R.C.P. 12(f). As provided in its Motion and accompanying Memorandum, Advance Auto has asked the Court to strike ¶s 10-11, 13-14, 20-27, 34-45, 53 of Mr. Bandy's Complaint. Rule 12(f) allows a court, acting either on its own or on a motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While most cases involving F.R.C.P. 12(f) involve striking affirmative defenses, this rule could technically apply to a Complaint as it is a "pleading." When reviewing a motion to strike, "'the court must view the pleading under attack in a light most favorable to the pleader.'" *Francisco v. Verizon South Inc.*, 3:09cv737, 2010 U.S. Dist. LEXIS 77083, *14 (E.D. Va. July 29, 2010) (*quoting Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W. Va. 1993)).

Before granting a motion to strike, a court must find the allegations in question "'both immaterial and prejudicial.'" *GTSI Corp. v. Wildflower Int'l, Inc.*, 1:09cv123 (JCC), 2009 U.S. Dist. LEXIS 61537, *9-11 (E.D. Va. July 17, 2009) (*quoting Hare v. Family Publ'ns Serv., Inc.*,

9

342 F. Supp. 678, 685 (D. Md. 1972)).   A Rule 12(f) motion falls within the discretion of the district court.   *Id.*   Most courts hold that Rule 12(f) motions to strike impertinent or scandalous matters "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."   *Id.* (*citing 5C Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure § 1382 (3d ed. 2004)).   Indeed, the granting of such relief has been long-considered to be a "drastic remedy which is disfavored by the courts and infrequently granted."   *Palmer v. Oakland Farms, Inc*., 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, *3 (W.D. Va. June 24, 2010) (internal quotations and citation omitted) (emphasis added). Traditionally, the standard by which courts judge Rule 12(f) motions imposes "a sizable burden on the movant," and even when "technically appropriate and well-founded," such motions are often "denied in absence of demonstrated prejudice to the moving party."   *Id.*   (internal quotations and citation omitted).   Rule 12(f) motions are generally viewed with disfavor and infrequently granted "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."   *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (*citing 5A Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure § 1380 (2d ed. 1990)).

As evinced by the arguments related to exhaustion above, the allegations in paragraphs 10-11, 13-14, 20-27, 34-45, 53 are properly before the Court.   As it relates to paragraph 10, these allegations related to Mr. Bandy's demotion in 1989 because of his age and knowledge related to computers.   The information contained in paragraph 10 is direct evidence of a systemic culture of age discrimination at the workplace.   It is not Mr. Bandy's intention to receive damages for his

demotion from 1989.  Rather, this factual allegation regards critical background information and certainly relates to Plaintiff's current claims and provides support for the allegation of discriminatory animus on the part of Advance Auto.  In addition, these allegations can support a claim of liquidated damages.  To award liquidated damages, a plaintiff must show that the employer's conduct was knowing or showed reckless disregard for the matter of whether its conduct was prohibited.

As it relates to paragraphs 13-14, Advance Auto's suggestion that Mr. Bandy be required to set forth detailed facts related to his demotion, such as the name of the individual who made the decision to demote him, is curious.  Mr. Bandy does not know at this early stage in the litigation exactly who was involved in the decision to demote him.  These types of facts are precisely the information that the discovery process reveals.  To suggest that Mr. Bandy's demotion, which occurred within a close proximity to his termination, is "immaterial" to the present lawsuit is simply incorrect.

As it relates to paragraphs 11, 20-27, Mr. Bandy's allegations concerning discriminatory practices against employees of Advance Auto are significant in that they illustrate a highly hostile working environment.  These paragraphs give pertinent background details concerning Mr. Bandy's history with Advance Auto and illustrate a pattern of retaliatory conduct and an environment that fostered discrimination.  Not only does mention of Mr. Bandy's work injuries provide important information regarding his work history, but it is a critical consideration as it relates to age discrimination.  As an older person working a physical job, Mr. Bandy was certainly more susceptible to work-related injury.  This was proven insofar as he was injured while working.  Terminating a capable and high-performing employee due to the fact that he is

11

more susceptible to injury because of his age is a violation of the ADEA.

As it relates to paragraphs 34-45, it is not surprising that Defendant considers the allegations set forth in these paragraphs and corresponding affidavits to be "the worst of the lot." These paragraphs are indeed the worst of the lot because they describe direct and circumstantial evidence of a work environment that is hostile to the aged worker at Advance Auto. These paragraphs include references to evidence of a party admission, to-wit, the statements of a supervisor who was involved in the termination of Mr. Bandy. According to this supervisor, "Advance Auto was going to 'find a way to fire all employees around or over the age of seventy (70).'" Advance Auto cannot attempt to exclude these allegations and this evidence simply because it is strong evidence and damaging to their defenses.

In a recent federal case in Virginia analyzing Federal Rule of Civil Procedure 12(f), *Bailey v. Fairfax County Va.*, 1:10-CV-1031, 2010 U.S. Dist. LEXIS 135512, *2 (E.D. Va. Dec. 21, 2010), the Court denied the defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f) because the allegations were not wholly immaterial and unrelated to the plaintiff's claims, and they did not cause the defendant significant undue prejudice. Bailey was a sexual harassment case and the defendant former employer sought to strike the allegations in the complaint related to a video incident that captured the plaintiff's lung injury. The Court found that even though the plaintiff had already received compensation for her lung injuries, the allegations related to the video were relevant to the plaintiff's hostile work environment claim and did not significantly prejudice the defendant. Similarly, in the present matter and viewed in a light most favorable to Mr. Bandy, the paragraphs of the Complaint attacked by Defendant provide context and background information related to Mr. Bandy's claims. They also contain

12

details and importance evidence that support a cause of action under the ADEA.

Finally, as it relates to striking part of paragraph 53 of the Complaint, Advance Auto contends that Mr. Bandy's claim for non-pecuniary losses are inappropriate.  As provided specifically in the subsection b of the Act:

> Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: Provided, that liquidated damages shall be payable only in cases of willful violations of this chapter. ***In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter***, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

(emphasis added).  Clearly the Court has broad authority to grant a variety of different forms of relief should the evidence at trial sufficiently allege a want of it.  It is utterly premature at this early stage in litigation to strike paragraph 53 from Mr. Bandy's Complaint.

### III.   Conclusion

Mr. Bandy stands before the Court having exhausted all of his administrative remedies.  This Court has jurisdiction to hear all of his claims against Advance Auto.  Mr. Bandy not only properly encompassed sufficient information in the administrative processes and procedures to ensure judicial review, but he did so in a timely fashion and without legal counsel.  Additionally, the Court should accept the Complaint as properly filed, *in toto*.  Striking any portion of Mr. Bandy's Complaint at this early stage in litigation would be drastic at the least, and improper and without proper legal basis at the worst.  This is a case in which the existence of powerful direct evidence of age discrimination has been alleged and properly presented to the Court.

Accordingly, Mr. Bandy requests that the Court deny Advance Auto's Motions before the Court and allow this matter to continue.

Respectfully submitted,

   /s/  Thomas E. Strelka_____
Thomas E. Strelka, VA Bar No. 75488
Strickland, Diviney & Strelka
23 Franklin Road
P.O. Box 2866
Roanoke, Virginia 24001
Phone: (540) 982-7787
Fax: (540) 342-2909
thomas@strelkalaw.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Attorney for the Defendant:

Agnis Chakravorty (VSB #30225)
WOODS ROGERS PLC
Wachovia Tower
10 South Jefferson Street
P.O. Box 14125
Roanoke, VA  24038-4125
(540)983-7727
(540)983-7711(fax)
achakrav@woodsrogers.com

14