IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER DEAN BANDY, | ) | |
| | ) | Civil Action No. 7:11-CV-00365 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ADVANCE AUTO PARTS, INC., | ) | |
| | ) | By: Hon. James C. Turk |
| *Defendant.* | ) | Senior United States District Judge |
| | ) | |

Plaintiff, Roger Dean Bandy ("Plaintiff" or "Bandy"), filed this action alleging that he was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, by his employer Advance Stores Co. Inc., a subsidiary of Advance Auto Parts, Inc. ("Defendant"). This case is presently before the Court on Defendant's Motion to Dismiss and Motion to Strike (Dkt. No. 4). The Plaintiff responded, (Dkt. No. 11), and the Defendant filed a reply, (Dkt. No 12). The Court heard oral argument on February 3, 2012. For the following reasons, Defendant's Motion to Dismiss and Motion to Strike (Dkt. No. 4) is **GRANTED in part** and **DENIED in part**.

I.  **Background**

Plaintiff was employed by Defendant from May 20, 1963, until his termination on October 14, 2010. During this period, Bandy held several different positions, but at the time of his termination he was working in the Defect Section of the Reclamation Department ("Defect Section"). Bandy was 69 years old at the time of his termination.

In his complaint, Bandy alleges several incidents of discrimination. First, in 1989, he was forced to step down from a managerial position to a supervisorial position because, as a result of his age, he was unfamiliar with the computer systems used in the business. Second,

between 2003 and 2010, Bandy worked as a General Warehouse Worker and was responsible for operating a fork lift, but in January 2010, Bandy was transferred to the Defect Section. Bandy viewed this as a demotion because although his compensation did not decrease his new job duties, which required heavy lifting, were significantly more arduous than his prior job duties. Third, in October 2010, he was terminated after he and a co-worker were involved in a "heated exchange related to a news story" because the incident created a "hostile work environment." However, Bandy alleges the incident was used "in bad faith as an excuse to terminate [his] employment due to his age;" a conclusion bolstered by the fact other employees were not terminated for similar incidents.

Plaintiff's complaint includes other allegations in support of his claim. First, Bandy references two separate instances where he was injured while working in the Defect Section. On both occasions, Bandy reported the incident to Defendant, but Defendant did not report the injury to the Workers' Compensation Commission. Second, in 2003, Bandy "elected to step down from his supervisorial position ... because he did not approve of the conditions under which his subordinate employees were being forced to work." Third, Bandy includes allegations that Defendant engaged in a pattern of terminating older employees. In support of this allegation, Bandy states that two individuals, aged 76 and 73, were terminated. Further, when the 76 year-old was terminated he was told Defendant wanted to "find a way to fire all employees around or over the age of seventy (70)."

Bandy completed an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire on February 24, 2011. The Intake Questionnaire included allegations of discrimination based on age and disability and documentation supporting those allegations. Specifically, Bandy included (1) the details of the incident that led to his October 2010 termination, (2) the names of two individuals he believed were also discriminated against

2

because of their age, Carl Pernal and Warren Smith, and (3) listed the injuries he suffered while at work that were not reported to the Workers' Compensation Commission. Thereafter, Bandy was interviewed by the EEOC and was forwarded a cover letter and draft EEOC Charge of Discrimination ("Charge"). The cover letter directed Bandy to "[r]eview the enclosed charge and make corrections." Bandy signed the EEOC Charge without making corrections and it was filed on April 11, 2011. The EEOC Charge states:

I. I began employment on May 20, 1963, as a Warehouse Worker. On October 13, 2010, I and John King engaged in a verbal argument. Mr. King apologized to me and we shook hands. On October, 14, 2010, I was called to the office of Greg Henderson, Manager and asked to explain what happened between me and John King. Mr. Henderson advised me that I was suspended pending an investigation. On October 14, 2010, I was discharged.

II. I believe I was discharged because of my age, 69, in violation of the Age Discrimination in Employment Act of 1967, as amended and the Americans with Disabilities Act of 1990, as amended.

Additionally, the box on the EEOC Charge regarding whether the discrimination was a "continuing action" was not checked. Bandy received a Right to Sue Notice on April 29, 2011, and timely filed this lawsuit.

**II.  Standard of Review**

  **A. Motion to Dismiss**

A Rule 12(b)(6) motion tests "the sufficiency of a complaint," and as such, "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Although the complaint and the allegations contained therein are viewed in the light most favorable to the non-moving party, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, it is well established that a "complaint does [not] suffice if it tenders naked assertion[s] devoid of further factual enhancements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted).[1]

### B. Motion to Strike

Rule 12(f) permits a court to strike "from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although Rule 12(f) motions are generally viewed with disfavor, Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001), they are proper where "the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Bailey v. Fairfax County, No. 1:10-cv-1031, 2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004)).

## III. Analysis

### A. Motion to Dismiss

Defendant argues that Bandy's claims, in so far as they relate to discrimination prior to June 15, 2010, should be dismissed because he has failed to exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. The specific allegations Defendant seeks to dismiss are: (1) Bandy's 1989 demotion, (2), Bandy's alleged demotion to the Defect

---

[1] Plaintiff asserts that some of Defendant's arguments arise under Federal Rule of Civil Procedure 12(b)(1) rather than Rule 12(b)(6) and, consequently, because Defendant did not specifically cite Rule 12(b)(1) in its Motion to Dismiss, it is not proper for the Court to consider them at this time. The Court disagrees. The Court "has an independent duty to satisfy itself of its own subject matter jurisdiction and may raise the issue sua sponte...." Andrus v. Charlestone Stone Prods. Co., Inc., 436 U.S. 604, 608 n.6 (1978). Furthermore, in the context of administrative remedies, "[t]he line between Rule 12(b)(1) and a Rule 12(b)(6) motions has become 'indefinable.'" Hill v. Augusta County School Bd., 2009 WL 1065515 at *1 n.1 (W.D. Va. 2009) (quoting Laber v. Harvey, 438 F.3d 404, 434 (4th Cir. 2006) (Niemeyer, J. concurring in part and dissenting in part)).

4

Section in January 2010, and (3) Defendant's failure to report injuries occurring before May 2010 to the Workers' Compensation Commission.

### 1. Scope of Bandy's Discrimination Claim

Defendant moves to dismiss Bandy's specific allegations other than the October 2010 termination because they were not included in Bandy's EEOC Charge and he has thus failed to exhaust his administrative remedies. In response, Plaintiff argues that he is not required to articulate his EEOC Charge with the degree of specificity that is required in a legal pleading, and thus the information provided by Bandy in his EEOC Charge was sufficient to satisfy the exhaustion requirement. Bandy also asserts that his EEOC Charge is broader than just the two paragraph summary because in his Intake Questionnaire he included (1) the names of the individuals he believed were also discriminated against because of their age and (2) listed the injuries he suffered while at work that were not reported to the Workers' Compensation Commission.[2] In reply, Defendant argues that the content of Bandy's Intake Questionnaire is immaterial because it is the EEOC Charge and not the Intake Questionnaire that controls the scope of the federal suit.

Plaintiffs are required to exhaust administrative remedies, by filing a timely charge of discrimination with the EEOC, before bringing suit in federal court. See 29 U.S.C. § 626(d); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Exhaustion serves the dual "purposes of notice and conciliation." Chako v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). Indeed, exhaustion "gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions" as well as "initiat[ing] agency-monitored settlement, the primary way that claims of discrimination are resolved." Id.

---

[2] Plaintiff also alleges that "Mr. Bandy's charge sets forth allegations about his demotion...." The Court has reviewed the Intake Questionnaire carefully and can find no mention of a demotion.

In determining whether claims have been properly exhausted the Court looks to the contents of the EEOC Charge. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002) (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 237 (4th Cir. 2000)) ("The EEOC charge defines the scope of the plaintiff's right to institute a civil suit."). Specifically, "the scope of the civil action is confined ... by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Id. (quoting Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)). However, "[i]f a plaintiff's claim in [his or] her judicial complaint are reasonably related to [his or] her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in [his or] her subsequent civil suit," despite failing to include the claims in the EEOC Charge. Smith, 202 F.3d at 247. Furthermore, despite its important function, exhaustion does not trump the requirement to liberally construe an EEOC Charge because to do so would "eviscerate" the very protections afforded victims of discrimination. Edwards v. Murphy-Brown, LLC, 760 F. Supp. 2d 607, 626 (E.D. Va. 2011) ("To strictly limit the bounds of a plaintiff's civil suit to the specific allegations made in the EEOC Charge would eviscerate some of the protections Title VII was designed to provide.").

Therefore, although Defendant is correct when he argues the scope of the federal lawsuit is defined by the scope of the EEOC Charge and the reasonable investigation that would follow, Defendant requests the Court apply the standard more strictly than is required. The Court will not limit Plaintiff's charges to those contained in the two paragraph summary in the EEOC Charge, notwithstanding the cover letter's instruction to "[r]eview the enclosed charge and make corrections." Rather, the Court finds that a reasonable investigation would have unearthed the January 2010 alleged demotion. Plaintiff provided more detailed information in his Intake Questionnaire and, although incomplete, there is nothing incorrect in the summary on the EEOC

Charge. A reasonable investigation into Plaintiff's allegations of age discrimination would have included investigation into his prior work history and such an investigation would have revealed that Plaintiff was transferred to the Defect Section in January 2010, only ten months earlier. See Edwards, 760 F.Supp.2d at 626 (holding "the Court does not lose subject matter jurisdiction over those earlier incidents for failure to exhaust administrative remedies" when the "date of [the] earliest discrimination in her ... EEOC Charge ... was later than the alleged acts of discrimination described in her ... Complaint beginning this suit"). The Court does, however, agree with Defendant that it strains credibility to argue that the 1989 demotion would have been discovered as the result of a reasonable investigation. Accordingly, the Court dismisses Bandy's 1989 demotion claim for failure to exhaust administrative remedies, but does not dismiss the January 2010 alleged demotion claim or the failure to report Bandy's injuries to the Workers' Compensation Commission claim.

### 2. *Time-Barred Claims*

Defendant also moves to dismiss the above three claims on the basis that they are time-barred and cannot be revived under the continuing violation theory. In response, Plaintiff argues that Defendant misstates the law in arguing that claims prior to June 15, 2010,[3] are time-barred because plaintiffs are permitted to use older incidents of discrimination if they can show that those prior incidents are "related to a timely incident as a series of separate but related acts amounting to a continuing violation." Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir. 1997) (internal citation and quotation omitted). Plaintiff argues that he satisfies the continuous violation analysis because the alleged January 2010 demotion caused him to work in conditions that ultimately led to his termination in October 2010. The continuing violation theory, however, does not resituate claims that are "[d]iscrete acts such as termination, failure to promote, denial

---

[3] In Virginia, the plaintiff must file an EEOC Charge within 300 days of the alleged unlawful practice. 29 U.SC. § 626(d); Puryear v. County of Roanoke, 214 F.3d 514, 517 (4th Cir. 2000).

7

of transfer, or refusal to hire" because they "are easy to identify" and "[e]ach incident ... constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

Here, Plaintiff's 1989 demotion was a "discrete act" and as such Plaintiff should have filed an EEOC Charge within the statutory period. Because Plaintiff did not file a separate EEOC Charge the 1989 demotion claim is untimely. Similarly, the January 2010 alleged demotion was a "discrete act," even though it relates to the subsequent October 2010 termination, and is time-barred. See Jones, 551 F.3d at 303 (citing Morgan, 536 U.S. at 113) ("a discrete unlawful employment action, such as termination, 'occur[s]' on the day it takes place, regardless of whether it is related to subsequent events that are alleged in a timely EEOC charge"). Finally, Bandy's allegations that Defendant did not file his workers' compensation claims are not timely as each failure to file is a "discrete act" that is "easy to identify" and ought to have been alleged in a timely EEOC Charge. Accordingly, the Court dismisses these three claims as time-barred.[4]

### B. Motion to Strike

Defendant requests the Court strike paragraphs 10-11, 13-14, 20-27, 34-45, and 53 of Plaintiff's complaint pursuant to Rule 12(f). The allegation in paragraph 10 concerns Bandy's 1989 demotion. Paragraph 11 concerns Bandy's decision to step down from his supervisorial position. Paragraphs 13 and 14 concern Bandy's transfer to the Defect Section. Paragraphs 20-27 concern Bandy's unreported workers' compensation claims. Paragraphs 34-45 include allegations by other employees alleging discrimination. Paragraph 53 requests damages for non-pecuniary losses.

---

[4] Although these three claims are dismissed for failure to exhaust administrative remedies by filing a timely EEOC Charge, the Court notes that this ruling does not preclude Plaintiff from introducing evidence of these events at summary judgment or trial to explain his employment history or "to demonstrate any alleged discriminatory animus on the part of the defendant." Ze-Ze v. Kaiser Permanente Mid-Atlantic States Regions, Inc., No. 1:10-cv-959, 2011 WL 320945, at *6 (E.D. Va. Jan. 28, 2011).

Defendant argues that under Rule 12(f) the Court may strike the allegations in paragraphs 10 and 13-14 because Bandy has failed to exhaust his administrative remedies and thus these allegations are not properly before the Court. Other courts have stricken allegations where the plaintiff failed to exhaust his or her administrative remedies. See e.g., Walker v. St. Joseph's/Candler Health System, Inc., No. 4:10-cv-216, 2010 WL 5389987, at *3 (S.D. Ga. Dec. 21, 2010) (striking claims of discrimination for which plaintiff had failed to exhaust administrative remedies); Schiff v. Barrett, No. 10-1051, 2011 WL 570164, at *2 (N.D. Cal. Feb. 14, 2011) (striking factual allegations that the court had previously barred for failure to exhaust judicial remedies); Howell v. City of Fresno, No. 1:07-cv-371, 2007 WL 1660822 (E.D. Cal. June 6, 2007) (striking claims barred by the statute of limitations). Accordingly, the Court strikes paragraphs 10 and 13-14.

Defendant further argues that because the allegations in paragraphs 11 and 20-27 do not address age discrimination they should be stricken from the complaint. The Court agrees. Although the standard under Rule 12(f) is high, the Court finds it is met here because the claims regarding Bandy's voluntary decision to step down from his supervisorial position because "he did not approve of the conditions under which his subordinate employees were being forced to work" is an allegation that has "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Bailey v. Fairfax County, No. 1:10-cv-1031, 2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004)). Similarly, the allegations in paragraphs 20-27 regarding Defendant's failure to submit Bandy's workers' compensation claims do not demonstrate "a highly hostile working environment" and thus lack a logical connection to Bandy's lawsuit.

Defendant argues that the allegations contained in paragraphs 34-45 should be stricken because they concern discrimination against other employees and not Mr. Bandy. However, the Court declines to strike these paragraphs because they represent evidence of discriminatory animus and are thus not lacking a "logical connection to the subject matter of the controversy." Bailey, 2010 WL 5300874, at *4.

Finally, Defendant argues that Plaintiff is precluded by statute from requesting non-pecuniary damages in paragraph 53. However, the language of 29 U.S.C § 626(b) is broad:

> In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

Since the language of § 626(b) provides discretion for the Court to grant "legal and equitable relief as may be appropriate" that includes the authority to award non-pecuniary damages, thus the Court declines to strike paragraph 53.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss and Motion to Strike (Dkt. No. 4). Paragraphs 10 and 13-14 are dismissed and stricken from the complaint. Further, Paragraphs 11 and 20-27 are stricken from the complaint. The Court will allow paragraphs 34-45 and paragraph 53 to remain in the complaint. An appropriate order shall enter.

ENTER: This 6th day of March 2012.

James C. Turk
Senior United States District Judge